# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| BARBARA O'BOYLE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>Defendant. | Case No.: 17-cv-301<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Barbara O'Boyle is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely an alleged cellular phone services account.

5. Defendant Enhanced Recovery Company, LLC ("Enhanced") is a debt collection agency with its principal offices at 8014 Bayberry Road, Jacksonville, Florida 32256.

6. Enhanced is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Enhanced is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

8. Enhanced is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

9. On or around August 15, 2016, Enhanced mailed a debt collection letter to Plaintiff, addressed to Plaintiff (but misspelling her last name, "O'Boyle" as "Boyle"), regarding an alleged debt, allegedly owed to "Sprint." A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

10. Upon information and belief, the alleged debt identified in <u>Exhibit A</u> was an alleged cellular phone services account only for personal, family or household purposes.

11. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

12. <u>Exhibit A</u> states the following:

> Option 1: Pay the settlement of $217.70, please remit by September 19, 2016.
> Option 2: Pay the settlement of $235.84, payable in 2 monthly payments of $117.92.
> Option 3: Pay the settlement of $253.98, payable in 3 monthly payments of $84.66.

13. The language in Paragraph 12 regarding "Option 2" and "Option 3" from <u>Exhibit A</u>, stating that the settlement payments are "payable in X monthly payments of X dollars" is confusing and misleading to the unsophisticated consumer. Such broad, open-ended language is inherently confusing to the consumer and an unfair collection practice.

2

14. The consumer has no way to know from <u>Exhibit A</u> whether Enhanced and/or Sprint would treat a payment of the purported "settlement" amount as an actual settlement (i.e. releasing Plaintiff from any remaining liability) of the alleged debt.

15. <u>Exhibit A</u> fails to clearly state the dates by which the monthly payments must be mailed or received by Enhanced in order to qualify as a "settlement" payment. It is ambiguous whether the September 19, 2016 date in "Option 1" applies to the first payment of Options 2 and 3 or whether the date only applies to Option 1.

16. Enhanced's language leaves open the possibility that the consumer will make two or three payments at the offered settlement amounts, only to be informed that the offer has since expired and Enhanced will continue to collect on the remaining balance.

17. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt, in that a significantly larger portion of the balance may remain after a failed "settlement" than the few additional dollars or cents remaining (usually due to the addition of interest or fees) after a "full payment." *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

18. Enhanced's misrepresentations are material misrepresentations because they mislead the unsophisticated consumer about the nature of the settlement offer.

19. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

20. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

21. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

22. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

23. Exhibit A includes an offer that is misleading as to when the offer may expire and when payments must be received.

24. A consumer who mails two or three payments in the full amount of the "settlement amount" listed on the letter, may not have actually settled the claim if Enhanced decides, on its own whim, that the offer expired prior to the payment.

25. Enhanced violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between March 2, 2016 and March 2, 2017, inclusive, (e) that was not returned by the postal service.

27. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

28. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

29. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

30. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

31. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

32. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 2, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com